779 So.2d 581 (2001)
Robert Lynn McCREADY, Appellant,
v.
Shelly Nan JARVIS-FOX, Appellee.
No. 5D00-1808.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
Rehearing Denied March 16, 2001.
Robert S. Hayes, of Robert S. Hayes, P.A., Kissimmee, for Appellant.
Ronald M. Hand, of Ronald M. Hand, P.A., Kissimmee, for Appellee.
HARRIS, J.
In 1992, the court entered an "Order on Petition for Enforcement of Final Judgment of Dissolution of Marriage." In this order, the court found an arrearage in child support in the amount of $13,500. In determining how this amount was to be paid, the trial court clearly intended that no interest would accrue. The court ordered that the father pay $60 per month "toward that arrearage and will continue to pay said amount on a monthly basis until paid." [Emphasis added]. This payment schedule, which was based on what the court found the husband capable of paying, would take almost nineteen years to complete. If the court had intended that the legal rate of interest be added to the arrearage, the interest alone would have exceeded the $60 per month payment so that each month the father would have gone further into debt. This was not the intent of the 1992 court.
In 2000, the mother, during a contempt proceeding, asked the court to determine that the arrearage established in 1992 carried interest at the legal rate. The court (now a different judge) assented and determined that the monthly payments directed to apply to the arrearage in the 1992 order should instead be applied to interest so that the new arrearage, although the father has made all payments required of him by the 1992 order, is now $19,059.65. The court ordered that execution issue on this amount. We reverse.
The court relied on section 55.03, Florida Statutes, for the assessment of interest. Although the legislature by the above cited statute has determined that "judgments and decrees" shall bear interest, this does not prohibit the trial court, in fashioning a remedy in a contempt proceeding in which *582 an arrearage is established, to enter an order for periodic repayment of the arrearage only. The mother did not request a judgment in 1992; she merely requested the court to enforce the provisions of the earlier judgment, which it did by ordering the father to pay $60 per month until he was current under the Final Judgment.
The court could have assessed interest as an incident of the arrearage but chose not to. The mother could have challenged that decision on appeal but chose not to. Both parties relied on the court's order of enforcement until 2000.
The present controversy commenced with a petition for contempt alleging the father had missed four payments. The remedies sought in the event contempt was established were (1) incarceration and (2) reduction of the arrearage to judgment so that execution could immediately issue. The court did not find that the father was in default. Although there was a question of when the father sent the payments, it is conceded that the father was current at the time of the hearing. Notwithstanding there was no pleading before the court requesting modification of the 1992 order independent of a finding of default, the court proceeded to consider the issue of interest and immediate execution.
Because we have now found that the 1992 court, if it determined that equity required it, had the authority in an enforcement proceeding in which a judgment was not sought to order periodic payments to bring the father into compliance without including interest, that issue has been resolved. Whether the 1992 order which was not violated can be reduced to judgment authorizing immediate execution was not properly before the court because the pleadings did not raise the issue.
REVERSED and REMANDED.
THOMPSON, C.J., and PALMER, J., concur.